IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAUN ADAM STRICKLAND,            )
                                  )
                Plaintiff,        )    Civil No. 07-748-HO
                                  )
        v.                        )    O R D E R
                                  )
ROBERT GORDON, et al.,            )
                                  )
                Defendants.       )

Plaintiff brings this action alleging cruel and unusual punishment based on denial of serious medical need and deprivation of an adequate diet. Plaintiff initially moved for summary judgment on December 10, 2007 (#46), to which defendants moved to strike for failure to file a proper concise statement of facts (#55). Plaintiff has since filed an amended motion for summary judgment (#77) and therefore the original motion for summary judgment and the motion to strike it are denied as moot.

Plaintiff seeks summary judgment as to his second claim that providing him with Nutraloaf as punishment violated his rights.

Defendants also seek summary judgment as to both of plaintiff's claims (#57).

Plaintiff claims that providing him with Nutraloaf violates his Eighth Amendment rights. However, the Ninth Circuit has determined that serving an inmate Nutraloaf as authorized under prison regulations does not deprive an inmate of "basic human necessities" and thus its use does not violate the Eighth Amendment. LeMaire v. Maass, 12 F3d 1444, 1456 (9th Cir. 1993).[1] Accordingly, plaintiff's motion for summary judgment is denied.

Defendants' motion for summary judgment is premised on plaintiff's failure to exhaust his administrative remedies, failure on the merits, and qualified immunity. Under the Prison Litigation Reform Act (PLRA), prisoners are required to exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e. The PLRA requires administrative exhaustion prior to an inmate's filing of a civil rights lawsuit even where the grievance process does not permit award of money damages and an inmate seeks only money damages, as long as a grievance tribunal has authority to take some action in response to the inmate's complaint. Booth v. Churner, 532 U.S. 731, 740-41 (2001).

---

[1] To the extent plaintiff contends he did not receive due process related to the imposition of the restricted diet, the record establishes that he was provided an adequate hearing and that the punishment was designed to deter the conduct in which plaintiff engaged. Additionally, the punishment was not excessive in relation to that conduct.

2 - ORDER

Exhaustion requires compliance with deadlines as well. <u>Woodford v. Ngo</u>, 548 U.S. 81, 90-91 (2006).

There is no dispute that plaintiff failed to timely exhaust all of his administrative remedies prior to filing this action with regard to both of his claims. Plaintiff contends that as to his second claim, he was prevented from exhausting his remedies because of a transfer. Nonetheless, plaintiff had an opportunity to file the proper appeal prior to his transfer. Moreover, plaintiff's transfer did not prevent him from filing an appeal as demonstrated by his letter sent from his new location after the time period for filing an appeal had expired. Accordingly, defendants are entitled to summary judgment as to both of plaintiff's claims.

Plaintiff also moves to amend his complaint to substitute a named defendant for a Doe defendant and moves for "mediation on service of defendant." Because defendants are entitled to summary judgment, the motions are denied.

<u>CONCLUSION</u>

For the reasons stated, plaintiff's motion for summary judgment (#46) is denied, defendants' motion to strike (#55) is denied, plaintiff's motion for summary judgment (#77) is denied, plaintiff's motion to amend (#74) is denied, plaintiff's motion

3 - ORDER

for mediation (#75) is denied, and defendants' motion for summary judgment (#57) is granted.  This action is dismissed.

DATED this __6th__ day of August, 2008.

_Michael R. Hogan_
United States District Judge

4 - ORDER